UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHNNIE MICKELL,                    :    CIVIL NO: 1:20-CV-00875
                                    :
        Plaintiff,                  :    (Magistrate Judge Schwab)
                                    :
v.                                  :
                                    :
CLERK OF COURTS, *et al.*,          :
                                    :
        Defendants.                 :


## ORDER
June 7, 2021


**I. Introduction.**

This case comes before the court for a statutorily mandated screening review of the complaint. The plaintiff, Johnnie Mickell ("Mickell"), commenced this civil rights action alleging document fraud, civil conspiracy, intentional inflectional of emotional distress, mental anguish, mental duress, compensatory damages, libel, general damages, negligence, and gross negligence. In accordance with 28 U.S.C. § 1915(e)(2), we have reviewed the complaint, and we conclude that the complaint fails to state a claim upon which relief can be granted. We will, however, grant Mickell leave to file an amended complaint.

## II. Factual Background and Procedural History.

Mickell commenced this § 1983 action when he filed a complaint on May 28, 2020, proceeding *pro se* and *in forma pauperis*. *Docs. 1*, 5. In his complaint, Mickell names the Clerk of Courts, Kelly Lawver, Patty Otanger, Judge Shawn Wagner, President Judge George, and the Adams County Administration as defendants. *Id*. at 1. Mickell alleges that the defendants, on April 15, 2020, filed a falsified motion for contempt in which Mickell was found delinquent in the amount of $2,010.00 and owed an outstanding balance of $2,052.83. *Id*. Additionally, Mickell claims that the defendants wrongfully added $42.83 to his outstanding balance. *Id*. Mickell alleges that the defendants then deducted the $42.83 to "mislead public servants to believe [Mickell's] alleged delinquent account is in the amount of $2,010.83." *Id*. at 2. Mickell then alleges that the defendants falsified docket numbers to "mislead public servants to believe a commonwealth judge, sanction [Mickell] for a crime, and gave him a delinquent account for $2,010.00, and a outstanding delinquent account balance of $2,052.83, in a sentenced order on April 15, 2020." *Id*. Mickell claims that Judge Wagner's order for Mickell to make monthly payments towards his delinquent account acts as corroborating evidence of his allegations. *Id*. Finally, Mickell alleges that the defendants are "well aware, that the Commonwealth records reveals that [Mickell] did not commit a crime, prior to April 15, 2020, and that a Commonwealth's Judge sentence order, does not reveal plaintiff was order to pay a

delinquent account balance of $2,052.83." *Id*. Thus, Mickell seeks "ten million

dollars, and 20 million dollars for punitive damages, for punishment, relevant to the

said illegal cause of actions committed by the defendants." *Id*. at 1.

## III. Discussion.

### A. Screening of *In Forma Pauperis* Complaints Standard of Review.

This court has a statutory obligation to conduct a preliminary review of *pro*

*se* complaints brought by plaintiffs given leave to proceed *in forma pauperis*.

Specifically, we are obliged to review the complaint pursuant to 28 U.S.C.

§ 1915(e)(2) which provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may
> have been paid, the court shall dismiss the case at any time if the court
> determines that—
>> (A) the allegation of poverty is untrue; or
>> (B) the action or appeal—
>>> (i) is frivolous or malicious
>>> (ii) fails to state a claim upon which relief may be
>>> granted; or
>>> (iii) seeks monetary relief against a defendant who is
>>> immune from such relief.

Under Section 1915(e)(2)(B)(ii), the court must assess whether a complaint

"fails to state a claim upon which relief may be granted." This statutory text

mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure,

which provides that a complaint should be dismissed for "failure to state a claim

upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

To state a claim for relief, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555). "In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009).

In deciding whether to dismiss a complaint for failure to state a claim upon which relief can be granted, a federal court "must accept all facts alleged in the complaint as true and construe the complaint in the light most favorable to the nonmoving party." *Krieger v. Bank of Am.*, 890 F.3d 429, 437 (3d Cir. 2018) (quoting *Flora v. Cnty. of Luzerne*, 776 F.3d 169, 175 (3d Cir. 2015)). "[T]he

4

tenet that a court must accept as true all of the allegations contained in a complaint,

[however], is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "[A] court

considering a motion to dismiss can choose to begin by identifying pleadings that,

because they are no more than conclusions, are not entitled to the assumption of

truth." *Id.* at 679. In practice, this leads to a three-part standard:

> To assess the sufficiency of a complaint under *Twombly*
> and *Iqbal*, a court must: 'First, take note of the elements a
> plaintiff must plead to state a claim. Second, identify allegations
> that, because they are no more than conclusions, are not entitled
> to the assumption of truth. Finally, where there are well-pleaded
> factual allegations, a court should assume their veracity and then
> determine whether they plausibly give rise to an entitlement for
> relief.'

*Palakovic v. Wetzel*, 854 F.3d 209, 220 (3d Cir. 2017) (internal quotation marks

and alterations omitted) (quoting *Burtch v. Millberg Factors, Inc.*, 662 F.3d 212,

221 (3d Cir. 2011)).

Complaints brought *pro se* are afforded more leeway than those drafted by

attorneys. In determining whether to dismiss a complaint brought by a *pro se*

litigant, a federal district court is "required to interpret the *pro se* complaint

liberally." *Sause v. Bauer*, 138 S. Ct. 2561, 2563 (2018). "[A] *pro se* complaint,

however inartfully pleaded, must be held to less stringent standards than formal

pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94. Nevertheless, "*pro se*

litigants still must allege sufficient facts in their complaints to support a claim."

*Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

**B. Mickell fails to state a document fraud claim upon which relief can be granted.**

Under Fed. R. Civ. P. 8(a)(2), Mickell's document fraud claim fails to satisfy the requirement that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Additionally, "[i]n alleging fraud . . . a party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b).  "A plaintiff alleging fraud must therefore support its allegations 'with all of the essential factual background that would accompany the first paragraph of any newspaper story—that is, the who, what, when, where and how of the events at issue.'" *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 217 (3d Cir. 2002).

Mickell fails to provide the requisite factual background for his document fraud claim.  Instead, Mickell asserts legal conclusions with no factual support. Furthermore, regarding Mickell's document fraud claim, he alleges that the motion for contempt was falsified, but pleads nothing with particularity to support his allegation.  Thus, Mickell fails to state a claim because he fails to satisfy the requirements of Fed. R. Civ. P. 8(a)(2) and 9(b).

**C. Mickell's additional allegations fail to state a claim upon which relief can be granted.**

Beyond document fraud, Mickell also alleges "Civil Conspiracy, Intentional Infliction of Emotional Distress, Mental Anguish, Mental Duress, Compensatory

Damages, Libel, General Damages, Negligence, and Gross Negligence." *Doc. 1* at

1. Mickell, however, also fails to plead a short and plain statement regarding any

of these claims. *See generally id*. Mickell also fails to plead facts regarding how

the defendants committed or are liable for any of these allegations. Instead, he

seems to assert that because of the alleged document fraud, all of the named

defendants either committed or are liable for these allegations. Because Mickell

fails to point to any facts regarding these allegations, Mickell failed to state a claim

pursuant to Fed. R. Civ. P. 8(a)(2).

### D. The defendants may enjoy some form of immunity from suit.

In addition to the above deficiencies, the defendants named by Mickell may

enjoy some form of immunity from suit. For Mickell's benefit, we briefly inform

him of the standard regarding immunity. "Section 1983 imposes civil liability

upon any person who, acting under the color of state law, deprives another

individual of any rights, privileges, or immunities secured by the Constitution or

laws of the United States." *Shuman v. Penn Manor Sch. Dist*., 422 F.3d 141, 146

(3d Cir. 2005). Section 1983 "does not create any new substantive rights but

instead provides a remedy for the violation of a federal constitutional or statutory

right." *Id*. To establish a claim under § 1983, the plaintiff must establish a

deprivation of a federally protected right and that this deprivation was committed

by a person acting under color of state law. *Woloszyn v. Cnty. of Lawrence*, 396

F.3d 314, 319 (3d Cir. 2005). Additionally,

> [a]lthough § 1983 purports to subject '[e]very person' acting
> under color of state law to liability for depriving any other
> person in the United States of 'rights, privileges, or immunities
> secured by the Constitution and laws,' the Supreme Court has
> recognized that § 1983 was not meant to 'abolish wholesale all
> common-law immunities.' *Yarris v. Cnty. of Delaware*, 465
> F.3d 129, 134-35 (3d Cir. 2006) (quoting *Pierson v. Ray*, 386
> U.S. 547, 554 (1967)). There are two kinds of immunity under
> § 1983: qualified immunity and absolute immunity. *Id*. at 135.
> Although most public officials are entitled only to qualified
> immunity, public officials who perform 'special functions' are
> entitled to absolute immunity.

*Id*. (quoting *Butz v. Economou*, 438 U.S. 478, 508 (1978)).

"[A]bsolute immunity attaches to those who perform functions integral to

the judicial process." *Williams v. Consovoy*, 453 F.3d 173, 178 (3d Cir. 2006).

"This immunity was and still is considered necessary 'to assure that judges,

advocates, and witnesses can perform their respective functions without

harassment or intimidation.'" *McArdle v. Tronetti*, 961 F.2d 1083, 1084 (3d Cir.

1992) (quoting *Butz*, 438 U.S. at 512).

Courts use a functional approach to determine whether absolute or qualified

immunity applies. *Forrester v. White*, 484 U.S. 219, 224 (1988). The inquiry

focuses on the nature of the function performed, not the identity of the actor who

performed it. *Id*. "[The] Court has consistently adhered to the rule that 'judges

defending against 1983 actions enjoy absolute immunity from damages liability for

acts performed in their judicial capacities.'" *Dennis v. Sparks*, 449 U.S. 24, 27 (1980).

We engage in a two-part inquiry to determine whether judicial immunity is applicable. *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000). First, because immunity applies only to actions taken in a judge's judicial capacity, we must determine whether the challenged actions were taken in the judge's judicial capacity. *Id*. The relevant factors "relate to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Id*. at 768-69 (quoting *Stump v. Sparkman*, 435 U.S. 349, 362 (1978)). "Our task is to 'draw the line between truly judicial acts, for which immunity is appropriate, and acts that simply happen to have been done by judges,' such as administrative acts." *Id*. at 769 (quoting *Forrester*, 484 U.S. at 227).

"Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id*. at 768. In this regard, "we must distinguish between acts in the 'clear absence of all jurisdiction,' which do not enjoy the protection of absolute immunity, and acts that are merely in 'excess of jurisdiction,' which do enjoy that protection." *Id*. at 769 (quoting *Stump*, 435 U.S. at 356 n.6). Judicial immunity shields a judge from liability for judicial acts even if those acts were taken in error, if they were done maliciously, if they were in

9

excess of the judge's authority, if the judge committed grave procedural errors, or if the judge's actions were unfair or controversial. *Id.* A judge will be subject to liability only when he or she has acted in the clear absence of all jurisdiction. *Id.* "[O]ur analysis must focus on the general nature of the challenged action, without inquiry into such 'specifics' as the judge's motive or the correctness of his or her decision." *Id.*

In addition, "court administrators are similarly absolutely immunized from a suit for damages under the doctrine of quasi-judicial immunity, because their activities were an integral part of the judicial process." *Addlespurger v. Corbett*, 461 F. App'x 82, 85-86 (3d Cir. 2012)); *see also Watts v. Clerk of Cts.*, No. 87-CV-3115, 1987 WL 17964, at *1 (E.D. Pa. Oct. 5, 1987) ("When a clerk of court acts pursuant to his lawful authority and abides by the rules of the court, he is entitled to immunity from suit.").

## E. Mickell will be granted leave to file an amended complaint.

Before dismissing a complaint for failure to state a claim upon which relief may be granted under the provisions of 28 U.S.C. § 1915, the court must grant the plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). In light of the liberal-amendment requirement, although this review merits analysis calls for dismissal of the 42 U.S.C. § 1983 claim, Mickell will be granted a final

opportunity to state a 42 U.S.C. § 1983 claim by endeavoring to file an amended

complaint.  Additionally, any amended complaint must contain allegations against

proper defendants.

## IV.  Order.

For the foregoing reasons, **IT IS ORDERED** that Mickell shall file an

amended complaint on or before **June 21, 2021**.[1]

*S/Susan E. Schwab*
Susan E. Schwab
United States Magistrate Judge

---

[1] Any amended complaint must be titled as an amended complaint and must
contain the docket number of this case. Fed. R. Civ. P. 10(a).  "The plaintiff is
advised that any amended complaint must be complete in all respects." *Young v.
Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992).  "It must be a new pleading
which stands by itself as an adequate complaint without reference to the complaint
already filed." *Id.*  "Also in general, an amended pleading—like [any] amended
complaint here—supersedes the earlier pleading and renders the original pleading a
nullity." *Palakovic v. Wetzel*, 854 F.3d 209, 220 (3d Cir. 2017).  In other words, if
an amended complaint is filed, the previous complaints will have no role in the
future litigation of this case.  Any amended complaint must also comply with the
pleading requirements of the Federal Rules of Civil Procedure, including the
requirements that the complaint contain "a short and plain statement of the grounds
for the court's jurisdiction," "a short and plain statement of the claim," and "a
demand for the relief sought." Fed. R. Civ. P. 8(a)(1)-(3).  Further, "[e]ach
allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).  "A party
must state its claims or defenses in numbered paragraphs, each limited as far as
practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).  And to the
extent it would promote clarity to do so, "each claim founded on a separate
transaction or occurrence . . . must be stated in a separate count." *Id.*